UNITED STATES of America, Appellee,

v.

William P. CASSESE and Saul Duarte Diaz, Appellants.

Nos. 472, 527, Dockets 79–1372, 79–1384.

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1979.

Decided Nov. 1, 1979.

Opinion May 23, 1980.

David Seth Michaels, The Legal Aid Society, Federal Defender Services Unit, New York City, for appellant Cassese.

Morton Katz, New York City (Robert P. Leighton, New York City, of counsel), for appellant Diaz.

Glenn B. Kritzer, Asst. U. S. Atty., E. D. New York, Brooklyn, N.Y. (Edward R. Korman, U. S. Atty., E. D. New York, Brooklyn, N.Y., Harvey M. Stone, Asst. U. S. Atty., E. D. New York, Brooklyn, N.Y., of counsel), for the United States of America.

Before MESKILL and KEARSE, Circuit Judges, and DOOLING,* District Judge.

MESKILL, Circuit Judge:

On May 30, 1979, appellants William P. Cassese and Saul Duarte Diaz were indicted in the Eastern District of New York, along with Manuela Fernandez and David Yemzow, in a three count indictment charging the four defendants with possessing with intent to distribute cocaine, importing cocaine, and conspiring to import and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 960(a)(1) and 963 and 18 U.S.C. § 2. Cassese, Diaz and Fernandez each pleaded guilty to one count of the indictment after the government agreed to request dismissal of the remaining counts at the time of sentencing; Yemzow elected to go to trial.

At the time of their pleas both Cassese and Diaz indicated to the government that they would not testify against any accomplices. After the acceptance of the pleas by the district court, the government, seeking what had not been obtained in plea negotiation, moved under 18 U.S.C. § 6003 for an order compelling the testimony of Cassese and Diaz at Yemzow's trial through a grant of use immunity under 18 U.S.C. § 6002.[1] Judge Neaher, of the United States District Court for the Eastern District of New York, granted the government's motion.

Subsequently, after learning that appellants might refuse to testify at Yemzow's trial despite the district court's grant of immunity, the government moved for an order under Fed.R.Crim.P. 15 authorizing the government to depose appellants before the commencement of Yemzow's trial. At the urging of the government, this motion was granted before appellants were sentenced.

---

* Honorable John F. Dooling, Jr., United States District Judge for the Eastern District of New York, sitting by designation.

1. Section 6002 of Title 18 of the United States Code provides in pertinent part:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
(1) a court or grand jury of the United States,

. . . . .

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

Section 6003 provides:
(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.
(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—
(1) the testimony or other information from such individual may be necessary to the public interest; and
(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

Before the date set by Judge Neaher for the depositions, Cassese requested and received a stay of the district court's order, to allow him to file in this Court a petition for a writ of mandamus directing that the deposition order be vacated. After Cassese's petition was denied by this Court, without opinion, Judge Neaher again ordered that the deposition proceed, with sentencing to follow shortly thereafter. Cassese and Diaz both refused to testify at the deposition and Judge Neaher held them both in contempt, ordering them confined pursuant to 28 U.S.C. § 1826.[2] Cassese, later joined by Diaz, filed a notice of appeal in this Court and moved for an order staying the contempt citation pending this appeal. Subsequently, the government represented to this Court that any time served by appellants under the contempt citation would be credited toward their eventual sentences if this appeal were successful and the stay were denied as moot.

After hearing oral argument of this appeal, we directed, by order dated November 1, 1979, that the contempt citations be vacated and the order for depositions be reversed, noting that a written opinion would follow.[3] We have been informed by the parties that since the filing of our order appellants have been sentenced and the outstanding counts against them have been dismissed. In addition, the indictment against Yemzow, the only defendant now remaining in the case, has been dismissed without prejudice.

2. Section 1826(a) of Title 28 of the United States Code provides:

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

## DISCUSSION

The issue before us is extremely narrow and our holding is intended to be no broader. The novel question raised by the sequence of events just recounted is whether the district court properly ordered that appellants be deposed before they were sentenced.

Rule 15(d), which governs the taking of depositions in criminal cases, provides in pertinent part:

Subject to such additional conditions as the court shall provide, a deposition shall be taken and filed in the manner provided in civil actions except as otherwise provided in these rules, *provided that (1) in no event shall a deposition be taken of a party defendant without his consent* . . . . .

(emphasis added).

Appellants argue that prior to sentencing they remained "party defendants" within the meaning of Rule 15(d) and, as such, were not subject to being deposed absent their consent. The United States Attorney for the Eastern District of New York has taken the position that only under a "hyper-technical" reading of this language could appellants be considered party defendants between the time of their pleas and the time of their sentencing.

In our view the government's argument is its own best refutation. The *only* reason proffered by the government for seeking a Rule 15 order *prior* to sentencing is their desire to capitalize on appellants' status as

(2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

3. Section 1826(b) of Title 28 of the United States Code provides:

(b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

unsentenced party defendants. The government admittedly sought to increase the pressure on appellants to submit to depositions by adding to the prospect of a civil contempt citation the prospect of a longer criminal sentence.

Although we do not by any means condone defiance of a lawful court order to testify under a grant of immunity, the only question presented by this appeal is whether the deposition order was indeed lawful. Rule 15, which determines the circumstances under which depositions may be ordered in criminal cases, explicitly states that *in no event* shall a party defendant be deposed against his will. This provision cannot be disregarded simply because we disapprove of contemptuous conduct.

Appellants were named as defendants in the same indictment as Yemzow, and prior to their sentencing they were still very much parties to the proceedings below. Two counts of the indictment were still pending against appellants at the time of the deposition order—and by agreement these counts would not be dropped until sentencing. Furthermore, although appellants had pleaded guilty, no judgments of conviction had been entered—nor could they be prior to pronouncement of sentence. Since the government's prosecution of appellants in this very case is manifestly not complete, it would be anomalous to exclude appellants from the ranks of "party defendants." Indeed, in requesting the deposition order below the Assistant United States Attorney, for lack of a better word, himself referred to Cassese and Diaz as the defendants. The government has failed to offer any persuasive justification for giving a crabbed reading to the phrase "party defendant" so as to exclude those who are caught in the legal limbo between plea and sentence. Even if Rule 15(d) were ambiguous, which it is not, the rule of lenity counsels that we read ambiguous protections generously when interpreting statutes or rules pertaining to the rights of criminal defendants. We decline, therefore, to read Rule 15(d) to mean other than what it appears to say.

We reject as well the government's implicit suggestion that even if appellants were party defendants at the time of the deposition order, there was no violation of Rule 15(d) because they were offered immunity. There is simply nothing in the language or history of the rule to indicate that the absolute proviso protecting party defendants from being deposed against their will was intended sub silentio, to exclude situations in which the government chooses to grant immunity. The Rules of Criminal Procedure can and do offer many protections beyond those constitutionally required.

Because in our view Rule 15(d), properly interpreted, is dispositive of this appeal we need not reach a number of other issues addressed by the parties, such as whether, had appellants not been party defendants, "exceptional circumstances" would have justified the ordering of the deposition under Rule 15(a).

For the reasons stated, we have ordered that the judgments of civil contempt be vacated and the deposition order reversed.