**UNITED STATES of America, Plaintiff,**

v.

**Cesar ONTIVEROS–LUCERO and Jose Marquez-Salvidrez, Defendants.**

**No. EP–85–CR–144.**

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 8, 1985.

Joseph W. Galenski, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Robert R. Harris, El Paso, Tex., for Cesar Ontiveros-Lucero.

## ORDER REGARDING DEFENDANT'S MOTION FOR LEAVE TO TAKE DEPOSITION

HUDSPETH, District Judge.

Defendants Cesar Ontiveros-Lucero and Jose Marquez-Salvidrez are charged by indictment with importing heroin, possessing heroin, and conspiracy between January 25, 1982 and February 10, 1982. Both Ontiveros and Marquez are citizens of Mexico. Although agents of the Drug Enforcement Administration filed a complaint against Ontiveros in March 1982, they were not able to effect his arrest until August 1985 when he was found in El Paso, Texas. Marquez has never been arrested on these charges, and is presently incarcerated in Juarez, Mexico. Ontiveros has filed a motion pursuant to Rule 15, Federal Rules of Criminal Procedure, for leave of Court to take the deposition of his codefendant for use as evidence in his upcoming trial. He has attached to his motion a statement, purportedly signed by Jose Marquez-Salvidrez, which states that "Cesar Ontiveros was not involved in those transactions for which he and I are indicted as codefendants." The Government opposes Ontiveros' motion for leave to take the deposition of his codefendant.

Rule 15(a), Federal Rules of Criminal Procedure, provides in pertinent part as follows:

"Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the Court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition...."

The rule in its present form was adopted in 1975, and it permits either party in a criminal case to take the deposition of an important witness under certain very limited circumstances. First, the moving party may take only the deposition of his "own" witness, for use in evidence at trial, not for discovery. Second, exceptional circumstances must be present which cause the taking of the deposition to be "in the interest of justice." Third, court approval must be obtained in advance. See 2 Wright & Miller, *Federal Practice and Procedure*, Section 241 (West 1982). Although our law still maintains its strong preference for live testimony rather than depositions, this rule recognizes that extraordinary circumstances may exist in which the deposition of a prospective witness should be taken. 2 Wright & Miller, *Federal Practice and Procedure, supra.* In the instant case, it is the Defendant who seeks leave of Court to take the deposition of a prospective witness. The Court must determine whether he has shown the requisite exceptional circumstances, and whether any of the Government's objections to the taking of the deposition are valid.

In order to obtain leave of Court to take the deposition of a prospective witness, a Defendant must, of course, show that the anticipated testimony would be material to some defense. 2 Wright & Miller, *Federal Practice and Procedure, supra* and cases cited at page 6. The Defendant in this case has carried that burden. The prospective witness whom he seeks to depose is his alleged coconspirator with regard to the criminal transactions charged in the indictment. Exculpatory testimony from a codefendant would clearly be material, although the jury would be called upon to judge its credibility. Furthermore, it is not possible for the Defendant to call the witness to testify in person at his trial. The record shows that Marquez is incarcerated in the Federal Peniten-

tiary in Juarez, Mexico, where he is serving a sentence of his own.

The Government argues strenuously that Marquez' location outside the United States and outside the jurisdiction of this Court would give him free reign to commit perjury, and that no sanctions would be available if he did so. Similar arguments have recently been rejected by the courts that considered them. *United States v. Wilson,* 601 F.2d 95 (3rd Cir.1979); *United States v. Gonzalez,* 488 F.2d 833, 838 (2nd Cir. 1973). As Professor Wright has stated, "Modern notions of competency are based on the judgment that the need for all available evidence outweighs the apprehension of perjury." 2 Wright & Miller, *Federal Practice and Procedure, supra* at page 7.

The Government also argues that, since the Defendant cannot be taken to Mexico to be present at the deposition of the witness, his right of confrontation under the Sixth Amendment would be violated. No problem exists, however, if the Defendant chooses to waive his right of confrontation. See *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Kemp v. Government of Canal Zone,* 167 F.2d 938, 940 (5th Cir.1948). In the instant case, the Defendant's attorney has represented that the Defendant will waive in writing his right to confrontation.

Rule 15(d), Federal Rules of Criminal Procedure, provides that the deposition of a party defendant may not be taken without his consent. The witness whom Ontiveros seeks to depose, to wit: Jose Marquez-Salvidrez, is a party defendant in this case, although he is not physically available to be prosecuted. In light of this provision of the rule, Marquez' deposition cannot be taken unless he gives his formal consent. *United States v. Cassese,* 622 F.2d 26 (2nd Cir.1980). Furthermore, appropriate safeguards should be provided against the giving of an uninformed or coerced consent. The Court finds that such safeguards are available through the easy means of appointing an attorney to represent Marquez in this case. Since he is a Defendant in a pending case, he is entitled to representation by counsel as is every other defendant. The United States Magistrate can appoint the Federal Public Defender to represent Marquez, and the Public Defender assigned to the case can advise and counsel with Marquez before any deposition is taken. If his consent is given, it must be given in writing and signed by his attorney as well as by himself.

In light of the foregoing discussion, the following orders should be entered:

It is ORDERED that the Defendant's motion to take the deposition of Jose Marquez-Salvidrez pursuant to Rule 15(a), Federal Rules of Criminal Procedure, be, and it is hereby, GRANTED. Defense counsel shall proceed to make arrangements for the deposition at the Federal Penitentiary in Juarez, Mexico, and give reasonable notice of the date and time thereof to the Assistant United States Attorney.

It is further ORDERED that Defendant Cesar Ontiveros-Lucero file with the District Clerk's office a written waiver of his Sixth Amendment right of confrontation not less than twenty-four (24) hours prior to the taking of the deposition.

It is further ORDERED that the United States Magistrate appoint the Federal Public Defender to represent the witness and codefendant, Jose Marquez Salvidrez, in the above-styled and numbered cause.

It is further ORDERED that Marquez' attorney be given the opportunity to confer with him prior to the taking of any deposition, and that Marquez give his consent in writing to be deposed prior to the taking of the deposition. In the absence of such consent, the deposition shall not take place, and the attorneys are to report this fact to the Court.

It is further ORDERED that, if the deposition of Marquez is taken, the transcript of his deposition testimony be filed without delay and a copy furnished to the Court for review prior to trial.