Accordingly, the district court's order is AFFIRMED.

The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Alex NGIRANGAS, Defendant-Appellant.

No. 86–1047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1986.

Decided Dec. 16, 1986.

Marilyn E. Clothier, Asst. Atty. Gen., Elizabeth Volz, Atty. Gen., Agana, Guam, for plaintiff-appellee.

Howard G. Trapp, Trapp & Untalan, Agana, Guam, for defendant-appellant.

Before NELSON, REINHARDT and WIGGINS, Circuit Judges.

NELSON, Circuit Judge:

■ The question on appeal is whether a trial court has discretion to allow the taking of the deposition of a fugitive. We hold that it does and therefore reverse the decision of the appellate division of the district court of Guam which had affirmed the trial court. We have jurisdiction pursuant to 48 U.S.C. § 1424-3(c) (West Supp. 1985).

## BACKGROUND

On March 31, 1986, officers who suspected that marijuana was growing in the field behind the house of Mr. Ngirangas, arrived with a search warrant and arrested Mr. Ngirangas on his property near the field of marijuana plants. One officer testified that Mr. Ngirangas was watering the plants. Mr. Ngirangas testified that he was taking a shower outside and came to investigate his dogs' barking. Mr. Ngirangas consented to a search of his residence by signing a consent form. He contends that the consent was coerced.

In Mr. Ngirangas' bedroom the officers found seven boxes of clear plastic sandwich bags, one sandwich bag containing less than an ounce of marijuana, Mr. Ngirangas' driver's license, a ledger containing hundred dollar and ounce increment entries, and $1,850.00 in cash. Mr. Ngirangas signed a custody receipt attesting that the items were his. Outside, the officers seized over a thousand marijuana plants.

Before trial, Mr. Ngirangas made a motion in the Superior Court asking it to authorize the taking of the deposition of Arthur Mechol, a fugitive residing in Saipan, Commonwealth of the Northern Mariana Islands. In an affidavit filed with the motion, Mechol stated that he—and not Mr. Ngirangas—owned the marijuana plants and that Mr. Ngirangas did not move to the property until a few weeks before his arrest. The statement in this affidavit contradicts a statement Mechol made to police immediately after the search, that Mr. Ngirangas owned the plants.

Purporting to follow Ninth Circuit precedent, the Superior Court denied appellant's motion to depose Mechol. Mr. Ngirangas was tried, convicted of possessing marijuana with the intent to deliver, and sentenced to two years in the Guam Penitentiary and two years of special parole. The Appellate Division of the United States District Court affirmed.

## ANALYSIS

Standard of Review. The court of appeals reviews, according to an abuse of discretion standard, a district court's denial of a motion to depose a witness pursuant to Rule 15(a). *Furlow v. United States,* 644 F.2d 764, 767 (9th Cir.1981), *cert. denied* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981), *United States v. Richardson,* 588 F.2d 1235, 1241 (9th Cir.1978), *cert. denied* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). The court of appeals reviews a district court's interpretation of a statute de novo. *United States v. Owens,* 789 F.2d 750, 753 (9th Cir.1986).

Issue. Does Fed.R.Crim.P. 15(a) preclude a party from deposing a fugitive?

■ Discussion. The Superior Court and the Appellate Division of the District Court based their holdings on *United States v. Murray,* 492 F.2d 178 (9th Cir. 1973) and *United States v. Richardson,* 588 F.2d 1235 (9th Cir.1978). The courts below held that *Murray* and *Richardson* dictated that a court has no discretion to order the deposition of a fugitive to be taken. This is a misreading of *Murray* and *Richardson.* These cases direct a Rule 15(a) motion to the trial court's discretion.

Rule 15(a) provides:

When Taken. Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place. If a witness is

detained pursuant to section 3144 of title 18, United States Code, the court on written motion of the witness and upon notice to the parties may direct that his deposition be taken. After the deposition has been subscribed the court may discharge the witness.

The Rule provides that the court "may" order that a deposition be taken. *Murray* and *Richardson* confirm that the Rule's language is permissive. In *Murray*, 492 F.2d at 195, the court wrote:

Walker concedes that the motion was addressed to the district court's discretion. Under Rule 15(a), the court may order such a deposition if it appears that the prospective witness may be unable to attend or prevented from attending the trial or hearing.

Similarly, in *Richardson*, 588 F.2d at 1241, the court observed:

It is within the sound discretion of the trial court to grant or deny a motion to depose a proposed witness in a criminal trial. See *United States v. Nichols*, 534 F.2d 202, 204 (9th Cir.1976). Federal Rule of Criminal Procedure 15(a) provides that a trial court may permit depositions when 'it is in the interest of justice.'

Although the court in both *Murray* and *Richardson* denied the Rule 15(a) motions, because it believed that granting them would create an injustice in those particular cases, it did not state that it had no discretion to grant motions to take depositions of a fugitive under appropriate circumstances. Every other circuit court to face the issue has permitted the deposing of fugitives. *United States v. Gonzalez*, 488 F.2d 833 (2d Cir.1973), *United States v. Wilson*, 601 F.2d 95 (3d Cir.1979), *United States v. Mills*, 760 F.2d 1116 (11th Cir. 1985), *accord United States v. Ontiveros-Lucero*, 621 F.Supp. 1037 (W.D.Tex.1985). We embrace the reasoning of these courts.

The other courts that have considered the issue cite the modern tendency to allow defendants to benefit from all available testimony and let the jury weigh credibility. Wright and Miller take this view. 2 *C. Wright, Federal Practice and Procedure* § 241 (1982). The other courts also hold that fugitive status alone does not make a witness incompetent and that the jury should consider fugitive status only in assessing the testimony's credibility. The courts analogize to two Supreme Court cases: *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) and *Rosen v. United States*, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406 (1918). In *Washington*, the court struck down a statute prohibiting one co-defendant from testifying for another co-defendant. In *Rosen*, the court struck down a statute making one convicted of forgery thereby incompetent as a witness.

There is language in *Murray* and *Richardson* that it would be "unjust" to allow a fugitive, who flouts the legal system, to participate in that system with special dispensation, i.e., without the check of perjury sanctions. However, even if it may be unjust to allow one who evades the legal system to use the system with impunity, it is more unjust to deprive a defendant of what may be crucial exculpatory testimony. Indeed, such a deprivation may impinge on a defendant's Sixth Amendment right to a fair trial.

Our concern for a defendant's right to a fair trial and our confidence in the jury's ability to assess the credibility of evidence outweigh the ethical concern of *Murray* and *Richardson* in this case.

Whether The Error Was Harmless. Mr. Ngirangas' proposed deponent, Arthur Mechol, testified in an affidavit that Mechol, and not Mr. Ngirangas, owned the marijuana plants and that Mr. Ngirangas did not move to the property until a few weeks before his arrest. If believed, such testimony would thoroughly exculpate Mr. Ngirangas. The Superior Court's denial of Mr. Ngirangas' motion to depose Mechol on the ground that he had no discretion to grant it, by depriving Mr. Ngirangas of potentially exculpatory testimony, was far from harmless. We note also that the Appellate Division of the District Court stated in its opinion that "The affidavit of Mechol attached to the application for order to take deposition clearly supports the defense theory of the case, both as to the date of

Ngirangas' arrival at the ranch and the ownership of the plants." The Appellate Division also noted that "The defense did make a strong showing to contradict the government's theory of the case."[1]

### CONCLUSION

The trial court had discretion to decide whether to allow the deposition of a fugitive and erred as a matter of law when it decided it did not. This error was not harmless. We also hold that as a matter of law under the facts of this case, the trial court judge should have allowed the taking of the deposition of the fugitive. We therefore reverse and remand for a new trial.

**REVERSED and REMANDED.**

---

1. The Court said:

Particularly damaging was defense Exhibit A, the internal investigation report, which found that while the persons taken into custody at the Ngirangas residence were at Pedro's Plaza after the arrests, they were physically assaulted by the officers for refusing to cooperate. The report also indicated that Officers Cruz and Sanchez, two officers who testified for the government, "were indicated by polygraph results to be attempting deception when responding to relevant questions."

In addition to this evidence, the defense introduced the testimony of Adolpho Palacious, then Chief Marshal for the Superior Court of Guam, who had previously been the Internal Investigator for the Police Department. He testified that, in his opinion, the reputations of Officers Cruz and Sanchez for truthfulness were poor. The defense clearly produced substantial evidence bearing on the credibility of the government witnesses.