**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50329 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04028-GPC-1 |
| v. | |
| JUAN ANTONIO RODRIGUEZ-SIFUENTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted January 6, 2016
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Defendant Juan Rodriguez-Sifuentes, a national and citizen of Mexico,

appeals from his conviction for attempted illegal reentry in violation of 8 U.S.C.

§ 1326.   We have jurisdiction under 28 U.S.C. § 1291, and we vacate Defendant's

conviction and remand for further proceedings.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court abused its discretion when it denied Defendant's motion to take foreign depositions of his common law wife and stepson under Federal Rule of Criminal Procedure 15(a). First, the district court subjected Defendant to too stringent a burden when it required him to show that the prospective witnesses were unable to be paroled into the United States to testify at trial. While unavailability of a witness underlies the Rule 15(a) analysis, *see United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), a conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the deposition to be taken so that the testimony can be preserved for possible eventual use, *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998); *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985). Here, Defendant showed that the witnesses were beyond the subpoena power of the court and were "unwilling, for good reason, to come to the United States" to testify. This is sufficient for Rule 15(a) purposes under our standards, *see United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998), and the court abused its discretion in requiring Defendant to show that the witnesses were definitively unable and not merely unwilling to attend trial. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) (providing that application of the incorrect legal

rule is an abuse of discretion).

Second, the district court erred in denying the Rule 15(a) request on the ground that Defendant had made an insufficient showing of materiality. Rule 15(a) protects a defendant from being deprived of what may be "crucial exculpatory evidence," *Sanchez-Lima*, 161 F.3d at 548, and, as with unavailability, a defendant is not required to show materiality conclusively in order to obtain and preserve testimony for possible later use at trial, *Omene*, 143 F.3d at 1170. Here, Defendant incorporated information about the content of the proposed testimony into his Rule 15(a) request by explicitly referencing in his motion and twice at the hearing his prior *ex parte* applications for issuance of subpoenas under Federal Rule of Criminal Procedure 17(b) for the same two witness. As set forth in those applications, the witnesses would have offered the sole testimony to support Defendant's theory of defense—that he lacked the conscious desire to enter the United States free from constant official restraint, *see United States v. Lombera-Valdovinos*, 429 F.3d 927, 928-30 (9th Cir. 2005)—by attesting to his legitimate presence at the Port of Entry as a candy salesman on the day of his arrest.

The district court's conclusion that it was not "even in a position to determine whether or not the testimony is material," directly contradicted its prior

3

decision to grant the Rule 17(b) applications.   In granting those applications, the court implicitly found that the proposed testimony would be "relevant to [an] issue in the case," *United States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980); *see* Fed. R. Crim. P. 17(b) (mandating the issuance of subpoenas if the defendant's *ex parte* application shows "the necessity of the witness's presence for an adequate defense").   Moreover, despite Defendant's several references to those applications, the district court never questioned Defendant about the materiality proffer during either the public or *ex parte* hearings on the Rule 15 motion. Because the court's earlier materiality determination thus remained undisturbed, the court's conclusory announcement that it lacked information to assess the relevance of the potential testimony for Rule 15(a) purposes was an abuse of discretion.   *See Hinkson*, 585 F.3d at 1261-62.

Although, as the dissent points out, the district court did suggest that it would consider revisiting its Rule 15(a) ruling, the district court did not connect this suggestion to any concern about Defendant's showing of materiality.   Rather, it stated that it would do so only if Defendant shared certain information with the Government, and the type of information it specified related to the inability of the

witnesses to travel to the United States because of outstanding arrest warrants.[1]

Having determined that the district court abused its discretion, we must reverse "unless it is more probable than not that the error did not materially affect the verdict." *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc). Here, the district court's denial of the Rule 15(a) motion deprived Rodriguez-Sifuentes of his sole corroborating evidence about his mental state. *See id*. And while it was undisputed that Rodriguez-Sifuentes did cross the border into the United States—albeit barely—the evidence that he had the conscious desire to do so "free from official restraint," *Lombera-Valdovinos*, 429 F.3d at 928, was thin. Under these circumstances and in light of the potentially exculpatory nature of the testimony, we cannot say that the error was a harmless one.[2] *See*

---

[1] The dissent also suggests that the district court's decision was supported by Defendant's failure to provide a supporting declaration with his Rule 15(a) motion pursuant to Local Criminal Rule 47.1(g)(1). But the district court has broad discretion in enforcing its local rules, *see Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam), and it never raised the rule as a ground for denying Defendant's motion. Indeed, the rule was mentioned for the first time on appeal. Had the rule been raised below, Defendant may well have taken the opportunity to supplement his Rule 15(a) motion with the contemplated declaration had one been required.

[2] The dissent asserts that the admission of the deposition testimony would have opened the door to evidence of Defendant's prior convictions and removals. But even if such a door had been opened, the Government has given no indication that

*People of Territory of Guam v. Ngirangas*, 806 F.2d 895, 897 (9th Cir. 1986).

Defendant's conviction must be vacated as a result. *See id.* at 897-98.

We reject Defendant's argument that his conviction was not supported by sufficient evidence. We review the sufficiency of the evidence de novo. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). Although the testimony of the prospective witnesses might have led to a different outcome, a rational juror could have found all the elements of § 1326 met beyond a reasonable doubt based on the evidence, viewed in the Government's favor, that came in at trial. *See United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011).[3]

Because we find that the denial of the Rule 15(a) motion constitutes reversible error, we need not reach Defendant's additional argument that the Government committed prosecutorial misconduct during closing argument.

it would have tried to introduce this evidence, and from our vantage we cannot be sure how the presentation of evidence would have played out at trial. In holding that the error was not harmless, we do not pass judgment on whether Defendant would have been acquitted had the depositions been taken and introduced. We instead reverse because we cannot be "fair[ly] assur[ed]" that the result of this trial would have been the same. *Morales*, 108 F.3d at 1040 (quoting *United States v. Crosby*, 75 F.3d 1343, 1349 (9th Cir. 1996)).

[3] We reach Defendant's sufficiency-of-the-evidence challenge even though we vacate his conviction because, if that challenge succeeded, it would foreclose retrial. *See United States v. Brown*, 785 F.3d 1337, 1350 (9th Cir. 2015).

**VACATED and REMANDED.**



*__USA v Juan Antonio Rodriguez Sifuentes 14-50329__*

M. SMITH, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's holding that Rodriguez-Sifuentes's conviction was supported by substantial evidence. I dissent from the majority's holding that the district court's denial of the Rule 15 motion for foreign depositions constitutes reversible error.

Before discussing that disagreement, I provide my views concerning an issue the majority declines to reach: whether the government committed prosecutorial misconduct during closing argument. This issue was fully briefed and is likely to again be the subject of controversy during trial.

Prosecutorial misconduct is extremely serious. And defense counsel makes an extremely serious allegation when it accuses a prosecutor of committing it. While we review each case on its own facts, the effectiveness of an advocate's use of the allegation as a general matter is proportional to the frequency with which it is sustained.

Here, the prosecutor read jury instruction 14, which the defense had requested, and stated the facts of Rodriguez-Sifuentes's crossing and apprehension. This drew repeated objections of "improper rebuttal," "misstates the law," and "misleading of the jury instruction." The defense's theory of objection was that "the government was instructing the jury that the defendant was not under official

restraint" which was "irrelevant" because the question was whether Rodriguez-Sifuentes intended to enter free of constant official restraint. The defense raises the same argument on appeal.

This theory lacks merit. "[T]he prosecution must have reasonable latitude to fashion closing arguments. . . . Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence." *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991). "Lawyers are supposed to invite the jury to infer things from the evidence. When a prosecutor asks jurors to deduce a defendant's guilt from circumstantial evidence, for example, he's urging them to take a leap beyond the record, to use their common sense in reaching a conclusion not explicitly spelled out by the evidence. This is the very essence of jury summation." *United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993).

The defense was free to argue the opposite inference, but was not entitled to stop the prosecution from arguing reasonable inferences based on the evidence. For these reasons, I would affirm the district court's holding that the government did not commit misconduct during closing argument.

Turning to the district court's denial of Rodriguez-Sifuentes's Rule 15 motion, given the defense's approach to the motion, I would hold that the district court did not abuse its discretion in denying it. The defense insisted on holding

portions of the hearing on the publicly-filed motion ex parte, and failed to take advantage of the district court's suggestion to supplement the motion with additional information that the Court could consider and to which the government could respond.

Similarly, the defense failed to submit a declaration in support of the motion as was required by Criminal Local Rule 47.1(g)(1) ("Criminal motions requiring a predicate factual finding must be supported by declaration(s)"); *see United States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991) (holding that district court did not abuse its discretion in denying motion for evidentiary hearing where request not supported by declaration required by local rule). Here, the local rule was not the basis for the court's decision, but is consonant with it. While the substantive standard of unavailability may have been met, I see no abuse of discretion in the court's ruling that the defense needed to give the prosecution an opportunity to respond to its arguments.

Assuming, *arguendo*, that the denial of Rodriguez-Sifuentes's Rule 15 motion was error, it was harmless. The majority holds otherwise, citing *People of Territory of Guam v. Ngirangas*, 806 F.2d 895, 897 (9th Cir. 1986). But in *Ngirangas*, the proffered testimony would have "thoroughly exculpate[d]" the defendant. *Id*. Here, the proffered witnesses would have testified that Rodriguez-

3

Sifuentes's work as a candy salesman gave him a "legitimate reason" to be at the Port of Entry on the day of his arrest, and that he did not give those witnesses—his common-law wife and stepson—any indication that he would not be returning to the family home the night he crossed the border.

First, such testimony would have opened the door under Federal Rule of Evidence 404(b)(2) to show "absence of mistake" through Rodriguez-Sifuentes's sixteen prior removals and three prior convictions for illegal reentry. Second, most reasonable jurors would conclude that a choice made by an individual with such a record to sell candy on the actual border instead of one of the multiple other places candy can be sold in Mexico does not tend to establish innocence, but instead points strongly to guilt.

And if the jury had any remaining doubt, it would have been put to rest by the evidence it did hear: that immediately upon his apprehension, Rodriguez-Sifuentes unambiguously stated that he intended to enter the United States. In view of the effect all of this evidence would have on the jury, any error here was harmless, meaning that it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000) (en banc) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

Accordingly, I respectfully dissent from the portion of the memorandum holding that the district court's denial of the Rule 15 deposition request constitutes reversible error.