MEMORANDUM *
Defendant Juan Rodriguez-Sifuentes, a national and citizen of Mexico, appeals from his conviction for attempted illegal reentry in violation of 8 U.S.C, § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Defendant’s conviction and remand for further proceedings.
The district court abused its discretion when it denied Defendant’s motion to take foreign depositions of his common law wife and stepson under Federal Rule of Criminal Procedure 15(a). First, the district court subjected Defendant to too stringent a burden when it required him to show that the prospective witnesses were unable to be paroled into the United States to testify at trial. While unavailability of a witness underlies the Rule 15(a) analysis, see United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir.1998), a conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the deposition to be taken so that the testimony can be preserved for possible eventual use, United States v. Omene, 143 F.3d 1167,1170 (9th Cir.1998); United States v. Sines, 761 F.2d 1434, 1439 (9th Cir.1985). Here, Defendant showed that the witnesses were beyond the subpoena power of the court and were “unwilling, for good reason, to come to the United States” to testify. This is sufficient for Rule 15(a) purposes under our standards, see United States v. Medjuck, 156 F.3d 916, 920 (9th Cir.1998), and the court abused its discretion in requiring Defendant to show that the witnesses were definitively unable and not merely unwilling to attend trial. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir.2009) (en banc) (providing that application of the incorrect legal rule is an abuse of discretion).
Second, the district court erred in denying the Rule 15(a) request on the ground that Defendant had made an insufficient showing of materiality. Rule 15(a) protects a defendant from being deprived of what may be “crucial exculpatory evidence,” Sanchez-Lima, 161 F.3d at 548, and, as with unavailability, a defendant is not required to show materiality conclusively in order to obtain and preserve tes *1018 timony for possible later use at trial, Omene, 143 F.3d at 1170. Here, Defendant incorporated information about the content of the proposed testimony into his Rule 15(a) request by explicitly referencing in his motion and twice at the hearing his prior ex parte applications for issuance of subpoenas under Federal Rule of Criminal Procedure 17(b) for the same two witness. As set forth in those applications, the witnesses would have offered the sole testimony to support Defendant’s theory of defense — that he lacked the conscious desire to enter the United States free from constant official restraint, see United States v. Lombera-Valdovinos, 429 F.3d 927, 928-30 (9th Cir.2005) — by attesting to his legitimate presence at the Port of Entry as a candy salesman on the day of his arrest.
The district court’s conclusion that it was not “even in a position to determine whether or not the testimony is material,” directly contradicted its prior decision to grant the Rule 17(b) applications. In granting those applications, the court implicitly found that the proposed testimony would be “relevant to [an] issue in the case,” United States v. Sims, 637 F.2d 625, 627 (9th Cir.1980); see Fed.R.Crim.P. 17(b) (mandating the issuance of subpoenas if the defendant’s ex parte application shows “the necessity of the witness’s presence for an adequate defense”). Moreover, despite Defendant’s several references to those applications, the district court never questioned Defendant about the materiality proffer during either the public or ex parte hearings on the Rule 15 motion. Because the court’s earlier materiality determination thus remained undisturbed, the court’s conclusory announcement that it lacked information to assess the relevance of the potential testimony for Rule 15(a) purposes was an abuse of discretion. See Hinkson, 585 F.3d at 1261-62.
Although, as the dissent points out, the district court did suggest that it would consider revisiting its Rule 15(a) ruling, the district court did not connect this suggestion to any concern about Defendant’s showing of materiality. Rather, it stated that it would do so only if Defendant shared certain information with the Government, and the type of information it specified related to the inability of the witnesses to travel to the United States because of outstanding arrest warrants.[1]
Having determined that the district court abused its discretion, we must reverse “unless it is more probable than not that the error did not materially affect the verdict.” United States v. Morales, 108 F.3d 1031, 1040 (9th Cir.1997) (en banc). Here, the district court’s denial of the Rule 15(a) motion deprived Rodriguez-Sifuentes of his sole corroborating evidence about his mental state. See id. And while it was undisputed that Rodriguez-Sifuentes did cross the border into the United States — albeit barely — the evidence that he had the conscious desire to do so “free from official restraint,” Lombera-Valdovinos, 429 F.3d at 928, was thin. Under these circumstances and in light of the potentially exculpatory nature of the testimony, we cannot say that the error was a *1019 harmless one.[2] See People of Territory of Guam v. Ngirangas, 806 F.2d 895, 897 (9th Cir.1986). Defendant’s conviction must be vacated as a result. See id. at 897-98.
We reject Defendant’s argument that his conviction was not supported by sufficient evidence. We review the sufficiency of the evidence de novo. United States v. Bennett, 621 F.3d 1181, 1135 (9th Cir. 2010). Although the testimony of the prospective witnesses might have led to a different outcome, a rational juror could have found all the elements of § 1326 met .beyond a reasonable doubt based on the evidence, viewed in the Government’s favor, that came in at trial. See United States v. Flyer, 633 F.3d 911, 917 (9th Cir.2011).[3]
Because we find that the denial of the Rule 15(a) motion constitutes reversible error, we need not reach Defendant’s additional argument that the Government committed prosecutorial misconduct during closing argument.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent also suggests that the district court’s decision was supported by Defendant’s failure to provide a supporting declaration with his Rule 15(a) motion pursuant to Local Criminal Rule 47.1(g)(1). But the district court has broad discretion in enforcing its local rules, see Delange v. Dutra Constr. Co., 183 F.3d 916, 919 n. 2 (9th Cir.1999) (per curiam), and it never raised the rule as a ground for denying Defendant’s motion. Indeed, the rule was mentioned for the first time on appeal. Had the rule been raised below, Defendant may well have taken the opportunity to supplement his Rule 15(a) motion with the contemplated declaration had one been required.

. The dissent asserts that the admission of the deposition testimony would have opened the door to evidence of Defendant’s prior convictions and removals. But even if such a door had been opened, the Government has given no indication that it would have tried to introduce this evidence, and from our vantage we cannot be sure how the presentation of evidence would have played out at trial. In holding that the error was not harmless, we do not pass judgment on whether Defendant would have been acquitted had the depositions been taken and introduced. We instead reverse because we cannot be “fair[ly] assorted] ” that the result of this trial would have been the same. Morales, 108 F.3d at 1040 (quoting United States v. Crosby, 75 F.3d 1343, 1349 (9th Cir. 1996)).

. We reach Defendant’s sufficiency-of-the-evidence challenge even though we vacate his conviction because, if that challenge succeeded, it would foreclose retrial. See United States v. Brown, 785 F.3d 1337, 1350 (9th Cir.2015).