M. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s holding that Rodriguez-Sifuentes’s conviction was supported by substantial evidence. I dissent from the majority’s holding that the district court’s denial of the Rule 15 motion for foreign depositions constitutes reversible error.
Before discussing that disagreement, I provide my views concerning an issue the majority declines to reach: whether the government committed prosecutorial misconduct during closing argument. This issue was fully briefed and is likely to again, be the subject of controversy during trial.
Prosecutorial misconduct is extremely serious. And defense counsel makes an extremely serious allegation when it accuses a prosecutor of committing it. While we review each case on its own facts, the effectiveness of an advocate’s use of the allegation as a general matter is proportional to the frequency with which it is sustained.
Here, the prosecutor read jury instruction 14, which the defense had requested, and stated the facts of Rodriguez-Si-fuentes’s crossing and apprehension. This drew repeated objections of “improper rebuttal,” “misstates the law,” and “misleading of the jury instruction.” The defense’s theory of objection was that “the government was instructing the jury that the defendant was not under official restraint” which was “irrelevant” because the question was whether Rodriguez-Sifuentes intended to enter free of constant official restraint. The defense raises the same argument on appeal.
*1020 This theory lacks merit. “[T]he prosecution must have reasonable latitude to fashion closing arguments — Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence.” United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). “Lawyers are supposed to invite the jury to infer things from the evidence. When a prosecutor asks jurors to deduce a defendant’s guilt from circumstantial evidence, for example, he’s urging them to take a leap beyond the record, to use their common sense in reaching a conclusion not explicitly spelled out by the evidence. This is the very essence of jury summation.” United States v. Kojayan, 8 F.3d 1315, 1321 (9th Cir.1993).
The defense was free to argue the opposite inference, but was not entitled to stop the prosecution from arguing reasonable inferences based on the evidence. For these reasons, I would affirm the district court’s holding that the government did not commit misconduct during closing argument.
Turning to the district court’s denial of Rodriguez-Sifuentes’s Rule 15 motion, given the defense’s approach to the motion, I would hold that the district court did not abuse its discretion in denying it. The defense insisted on holding portions of the hearing on the publicly-filed motion ex parte, and failed to take advantage of the district court’s suggestion to supplement the motion with additional information that the Court could consider and to which the government could respond.
Similarly, the defense failed to submit a declaration in support of the motion as was required by Criminal Local Rule 47.1(g)(1) (“Criminal motions requiring a predicate factual finding must be supported by declaration(s)”); see United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir.1991) (holding that district court did not abuse its discretion in denying motion for eviden-tiary hearing where request not supported by declaration required by local rule). Here, the local rule was not the basis for the court’s decision, but is consonant with it. While the substantive standard of unavailability may have been met, I see no abuse of discretion in the court’s ruling that the defense needed to give the prosecution an opportunity to respond to its arguments.
Assuming, arguendo, that the denial of Rodriguez-Sifuentes’s Rule 15 motion was error, it was harmless. The majority holds otherwise, citing People of Territory of Guam v. Ngirangas, 806 F.2d 895, 897 (9th Cir.1986). But in Ngirangas, the proffered testimony would have “thoroughly exculpate[d]” the defendant. Id. Here, the proffered witnesses would have testified that Rodriguez-Sifuentes’s work as a candy salesman gave him a “legitimate reason” to be at the Port of Entry on the day of his arrest, and that he did not give those witnesses — his common-law wife and stepson — any indication that he would not be returning to the family home the night he crossed the border.
First, such testimony would have opened the door under Federal Rule of Evidence 404(b)(2) to show “absence of mistake” through Rodriguez-Sifuentes’s sixteen pri- or removals and three prior convictions for illegal reentry. Second, most reasonable jurors would conclude that a choice made by an individual with such a record to sell candy on the actual border instead of one of the multiple other places candy can be sold in Mexico does not tend to establish innocence, but instead points strongly to guilt.
And if the jury had any remaining doubt, it would have been put to rest' by the evidence it did hear: that immediately upon his apprehension, Rodriguez-Si-fuentes unambiguously stated that he intended to enter the United States. In view of the effect all of this evidence would *1021 have on the jury, any error here was harmless, meaning that it is “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.” United States v, Gracidas-Ulibarry, 231 F.3d 1188, 1197 (9th Cir.2000) (en banc) (quoting Neder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).
Accordingly, I respectfully dissent from the portion of the memorandum holding that the district court’s denial of the Rule 15 deposition request constitutes reversible error.