In the Matter of **UNITED STATES** of America, Petitioner.
**Petition for a Writ of Mandamus.**
**No. 6550, Original.**

United States Court of Appeals
First Circuit.

Heard June 14, 1965.
July 16, 1965.

John L. McCullough, Atty., Dept. of Justice, with whom Fred M. Vinson, Jr., Acting Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., and Jay M. Vogelson,

Atty., Dept. of Justice, were on memorandum, for petitioner.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on memorandum, for intervening respondent.

Before ALDRICH, Chief Judge, LUMBARD*, Chief Judge, and LEWIS*, Circuit Judge.

ALDRICH, Chief Judge.

During the pendency of an indictment in the District Court of Puerto Rico against intervenor respondent, hereinafter defendant, the government's answer to a bill of particulars having disclosed the names of its two proposed principal witnesses, the defendant moved for court permission to take their deposition. For authority he relied upon F.R.Crim.P. 15(a). This rule provides for the taking of a deposition by a defendant "[i]f it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice * * *." At the hearing, the defendant stated that one of the named witnesses resided in Florida, and the other in Puerto Rico. He made no showing with respect to their ability or inability to attend the trial except the bare assertion that they might not be able to appear. The government, in opposition, stated that its case was essentially dependent upon these witnesses and that it had every intention and expectation of producing them. Remarking that it was always possible, in spite of the government's assurances, that a witness might not be able to attend a trial, the court granted defendant's motion. Its order was made on May 5, 1965. The government appealed on May 17, and sought to prosecute the appeal forthwith, but has now abandoned it. On May 21 it sought to file a petition for mandamus. We ordered the depositions stayed and placed the petition on the June calendar for hearing.

We must first consider whether it can be appropriate for the government to seek extraordinary relief in a criminal case when its ordinary rights of appeal are severely limited. Carroll v. United States, 1957, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442; 18 U.S.C. § 3731. No cases even closely in point have been cited to us, nor have we found any.[1] However, the present question is one upon which the government could seek appellate relief, and do so prior to verdict. Should the order remain in effect and the witnesses refuse to testify or the government fail to produce them, and should the court as a result enter an order of contempt, appeal would lie. Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (F.R. Crim.P. 17(c) ). Alternatively, if the court should dismiss the indictment because of the government's noncompliance, see, e. g., United States v. Germany, D.C.M.D.Ala., 1963, 32 F.R.D. 421, an appeal would lie from the dismissal. 18 U.S.C. § 3731. Action upon the government's petition at this point in the case will not put defendant twice in jeopardy. Cf. Fong Foo v. United States, 1962, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629. Accordingly, nothing in the policy of limiting prosecution appeals precludes review of this question.

We see no reason why the government should not be able to do directly what it could effectuate indirectly. Furthermore, in the light of the general importance of the question, this does not seem a case where we should exercise our normal reluctance to take jurisdiction prior to trial. Schlagenhauf v. Holder, 1964, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152; Madison-Lewis, Inc. v. MacMahon, supra.

---

* Sitting by designation.

1. In Madison-Lewis, Inc. v. MacMahon, 2 Cir., 1962, 299 F.2d 256, the court did grant a petition for mandamus to review a portion of an order for depositions in a criminal case, but the petitioner was the defendant.

■ Some thought, however, should be given to the timeliness of the petition. In In re United Shoe Mach. Corp., 1 Cir., 1960, 276 F.2d 77, we held that remedy by way of mandamus must be promptly sought, and suggested that the appropriate time was the normal appeal period. In a criminal case there are various appeal periods. A government appeal, as distinguished from a defendant's, is thirty days. F.R.Crim.P. 37(a)(2). It is true that the time for commencing discretionary interlocutory appeals in civil cases is ten days. 28 U.S.C. § 1292(b). But cf. 18 U.S.C. § 1404 permitting the government thirty days to appeal from the suppression of evidence in narcotics prosecutions. We make allowance in this particular case for the fact that the availability of remedy by way of mandamus might not readily occur to counsel. Without suggesting that we would do so in other instances, we will hold that the government acted with sufficient diligence.

■■ The defendant contends that if the court erred at all, it merely abused its discretion. The government's position is that the court was without power. A district court's "power" is an elusive thing; its unfounded action can be highly efficacious. Cf. Fong Foo v. United States, supra. District courts do have a large measure of discretion when applying rules of procedure, see Chemical & Industrial Corp. v. Druffel, 6 Cir., 1962, 301 F.2d 126 (F.R.Civ.P. 26, 30, 33), but we believe that if the district court misconstrued the present rule it acted without power, in the sense that we may review it. Schlagenhauf v. Holder, supra.

■■ Coming to the merits, we regard the court's interpretation of Rule 15(a) as plainly wrong. It would serve no purpose to list the discussion and activities during the past decade regarding the desirability of amending the criminal rules to provide for the amount of discovery permitted under the rules of civil procedure.[2] The district court's view of Rule 15(a), if correct, means that much of this discussion was unnecessary. Its order either made the provision regarding inability to attend the trial meaningless for all practical purposes, a construction we could hardly accept, or, as defendant contends, read into the statute the word "or" to follow the comma. We cannot accept that construction, either.

Defendant's dichotomy would make a showing of inability to attend the trial an alternative condition only, and permit a deposition to be taken of any witness whenever it appears desirable in the interest of justice. If defendant's interpolation is proper, defendant must accept the other alternative, and support the proposition that the rule means that if a witness is shown to be unable to attend the trial his deposition may be taken even though it does not appear that his testimony will be material or that justice will be served. Neither grammar nor reason call for such a result. The defendant cites a number of district court cases. None squarely pass on this question. Even the occasional language on which he relies is at best ambiguous. The order of the district court must be vacated.

In accordance with our usual practice we shall refrain from issuing a writ of mandamus at this time because we may assume that the District Judge will vacate his order without such.

---

2. Numerous authorities, most of them favoring increased discovery, are cited in the Advisory Committee's Note to Rule 16, Judicial Conference of the United States, Committee on Rules of Practice and Procedure, 2nd Preliminary Draft of Proposed Amendment to Rules of Criminal Procedure for the United States District Courts, 14 (March 1964).