**UNITED STATES of America, Petitioner,**

v.

**Richard Alfansa OLDS, Jr., Respondent, Honorable Herbert P. Sorg, Nominal Respondent.**

**No. 18232.**

United States Court of Appeals, Third Circuit.

Argued April 7, 1970.

Decided May 26, 1970.

Edward Fenig, Criminal Division, U. S. Dept. of Justice, Washington, D. C., for petitioner.

Vincent M. Casey, Pittsburgh, Pa., for respondent.

Before SEITZ and ALDISERT, Circuit Judges, and LATCHUM, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

In this petition for a writ of mandamus the Government seeks to compel United States District Judge Herbert P. Sorg to set aside an order reducing the sentence of a federal prisoner entered fifteen months after that sentence was imposed.

Respondent Richard Olds, Jr. was convicted on October 26, 1967 of the robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a). He was twenty-one years old at the time of the offense and twenty-two when convicted. On January 8, 1968, Judge Sorg entered the following judgment:

> "It is adjudged that the defendant * * * is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of twenty (20) years and for a study as described in 18 U.S.C. 4208(c), the results of such study to be furnished this Court within three (3) months whereupon the sentence of imprisonment herein imposed shall be subject to modification in accordance with 18 U.S.C. 4208(b)."

A classification study report on Olds was issued by the Bureau of Prisons on April 5, 1968.[1] Thereafter, on April 11, 1968, Judge Sorg ordered "that the period of imprisonment heretofore imposed be reduced and that the defendant be committed to the custody of the Attorney General under the provisions of the Youth Corrections Act, 18 U.S.C. 5010(b)." This was in effect an indeterminate sentence.

Olds took no appeal. However, some three months later, on July 18, 1968, he filed a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, which provides that a sentencing court "may reduce a sentence within 120 days after the sentence

---

[1]. The following are excerpts from that report:

"Staff findings at Milan indicate that Mr. Olds has above average intelligence and possesses knowledge of a trade upon which he can rely after release * * *. From a psychiatric viewpoint, the offense resulted more from psychoneurotic conflict than from a basic criminal character structure. Mr. Olds was not found to be psychotic, and he is well oriented.

"It is believed that his emotional problems are not likely to lead to further criminality * * *. Family ties are close and Mr. Olds presents realistic plans for the future which include marriage and the continuation of his college education. He is ambitious and is very interested in self-improvement and enhancing his status in life.

"Although Mr. Olds' offense is very serious we do not believe that a long period of commitment would be advisable * * *. We recommend that Mr. Olds be committed under the Youth Corrections Act, Section 5010(b) * * *. We would attempt to provide effective counseling and guidance for this youth as well as appropriate training. Concentration would be placed on higher level academic work * * *. If he makes a good response to his opportunities he might be able to return to the community relatively soon."

is imposed." This motion was denied on August 1, 1968.

On June 30, 1969, some eleven months after the denial of the Rule 35 motion —and well beyond the 120 day period— Olds made a motion "to modify and correct or vacate" the August 1, 1968 order. The relevant parts of that motion are as follows:

"1. The Court invoked the provisions of the Youthful Offenders Act after a study which produced a favorable report from the Bureau of Prisons indicating that the defendant had no criminal tendencies and was a cooperative and model prisoner. The psychiatrist of the Bureau of Prisons recommended in the report that the defendant be not incarcerated.

"2. At the time of sentence under the Youthful Offenders Act, the Court indicated that it was his intention that incarceration would be of short duration and that the defendant should have a course of treatment under said Act. It is averred that there is no course of study suitable for the peculiar situation of the defendant who was a university student.

"3. It is averred that counsel for defendant, relying upon the report, did not advise the defendant to appeal the conviction upon the basis that it would be in his interest to be supervised for a short period under the terms of the Act, and that he would be released early to pursue his university studies.

"4. The defendant is still incarcerated at the federal prison at Milan, Michigan, and is not enrolled in any course of study but is doing routine prison duties (he is prison photographer) because no proper course of study is available to him.

"5. Defendant has responsible assurance that he can pursue his university studies at the coming university term.

"6. Defendant avers that the sentencing judge was under a misapprehension at the time of his order of August 1, 1968, denying defendant's motion under Rule 35 of the Criminal Rules.

"7. Defendant avers that the sentence was not an indeterminate sentence and was therefore illegal. It was in effect a 2½ year minimum sentence as the defendant was advised on August 4, 1968 that he could not be considered for a conditional release or parole until May, 1970.

"8. Counsel, relying that the defendant was being given an indeterminate sentence and might be released early, advised the defendant that he should begin his sentence, and when the defendant and counsel learned that the sentence was in effect a 2½ year minimum sentence, the time for appealing the conviction had expired."

After a hearing at which Olds testified, Judge Sorg on July 17, 1969 vacated the August 1, 1968 order denying the Rule 35 motion and modified it to impose a nineteen month sentence on Olds.[2]

2. The entire order is as follows:
"AND NOW, this 17th day of July, 1969, after hearing and upon due consideration of the position of the above named 'for modification and correction or vacation of Order dated August 1, 1968,' it appearing that at the time said Order was made this court was unaware of the fact that in the application of the provisions of the Youth Corrections Act petitioner had been determined ineligible for parole or conditional release prior to May, 1970, which determination is deemed to be inconsistent with

the report and recommendation made to this court by the Bureau of Prisons, Department of Justice, dated April 5, 1968, and which fact, if known to the court, would have materially altered its ruling of August 1, 1968;
"IT IS HEREBY ORDERED AND DECREED that the aforesaid Order of August 1, 1968, be and the same is hereby vacated and that the Order of this court dated April 11, 1968, be modified to read as follows:
"IT IS ADJUDGED that, pursuant to the provisions of 18 U.S.C. 4208(b),

This order became effective on August 8, 1969 and its effect was to order Olds' release as of that date.[3] On October 6, 1969, nearly three months later, the Government applied to this court for a writ of mandamus to compel Judge Sorg to set aside his July 17, 1969 order.

The Government correctly points out that under Rule 35 a sentencing judge may reduce a lawful sentence only within 120 days after sentence is imposed. Because the disputed order was entered fifteen months after sentence, the Government argues that Judge Sorg was without power to reduce or modify Olds' sentence.[4] Mandamus, the Government asserts, may be used to correct such a usurpation of power.[5]

Olds, on the other hand, asserts that Judge Sorg had inherent power to correct his disposition of the timely Rule 35 motion, since that motion was decided under a material misapprehension of fact; i. e., Judge Sorg was unaware that the Board of Parole had decided that Olds was not to be eligible for parole until May, 1970.[6] Moreover, Olds argues that the Government is guilty of laches in waiting nearly three months to challenge Judge Sorg's order.

We express no opinion as to the propriety or legality of the disputed order since we are convinced that the petition must be denied because of the Government's unexcused tardiness in pursuing its challenge.

Mandamus, of course, is to be granted only in extraordinary cases as an exercise of sound discretion. In the words of Mr. Justice Brandeis:

"Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. It issues to remedy a wrong, not to promote one; to compel the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief or will be within the strict letter of the law but in disregard of its spirit. Although classed as a legal remedy, its issuance is largely controlled by equitable principles." Duncan Townsite Co. v. Lane, 245 U.S. 308, 311–12, 38 S.Ct. 99, 101, 62 L.Ed. 309 (1917).

 As with all remedies that are governed by equitable principles, manda-

the period of imprisonment heretofore imposed be reduced and the defendant be committed to the custody of the Attorney General for a period of one year and seven months, this Order to become effective on August 8, 1969."

3. The Government has not challenged the statement of defendant's counsel to this court that: "On July 17, 1969, the date of Judge Sorg's Order, the Assistant United States Attorney asked the Court to make the Order effective August 8, 1969, in order to give the Government sufficient time to determine their recourse as to his Order. This three week period was given at the Government's specific request and the respondent, Olds, because of the request of the Government was not released until August 8th. This meant that he had to be returned to Milan, Michigan, to await the effective date of the Order while the Government in the meantime would determine what its course of action with reference thereto

would be. It is obvious that the Government and the Court contemplated that some action would be taken by the Government, either pro or con, within the 22 day period. No action was taken until October 6, 1969."

4. The Government also contends that the July 17, 1969 order in effect imposed an impermissible minimum term on a Youth Corrections Act commitment.

5. Respondent does not challenge the appropriateness of mandamus for testing Judge Sorg's order. Because of the disposition we make of this petition, we express no opinion on the propriety of mandamus here.

6. The Government asserts that the Board of Parole's setting of May 1970 as the date for Olds' next parole hearing did not mean that Olds could not be considered for parole prior to that date.

mus must be sought with reasonable promptness. There is no inflexible rule on timeliness and we hesitate to create any. Rather, the question in each case is whether under all the circumstances the remedy was pursued with reasonable dispatch. While the appeal period is in no way controlling, we point out that Government appeals in criminal cases, when permitted, must be filed within 30 days after the entry of the order appealed from. Fed.R.App.Pro. 4(b).

■ In this case the Government waited nearly three months before seeking relief in this court. No excuse whatsoever has been suggested for its inaction. It is unchallenged that during this delay Olds resumed his university studies and otherwise adjusted his life in reliance on the district court's order. We hold the Government's petition untimely, and in the exercise of our discretion we decline to issue the writ. On this record we cannot say that the ends of justice would be served by returning Olds to prison after more than ten months of freedom.

In a rather similar case the Ninth Circuit held that a Government delay of less than two months barred a mandamus challenge to an assertedly illegal grant of probation to a narcotics offender. United States v. Carter, 270 F.2d 521 (9th Cir. 1959). See also In re United States, 348 F.2d 624 (1st Cir. 1965); In re United Shoe Machinery Corp., 276 F.2d 77 (1st Cir. 1960).

In sum, we hold that by waiting nearly three months before seeking relief in this court, thus permitting a material change in Olds' status, the Government did not proceed with reasonable dispatch under the circumstances. Had it acted promptly, Judge Sorg's order could have been tested without personal hardship to respondent Olds.

The petition for a writ of mandamus is denied.