**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Paul NICHOLS, Defendant-Appellant.**

No. 75–2880.

United States Court of Appeals, Ninth Circuit.

April 13, 1976.

David A. Thorner (argued), Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U. S. Atty. (argued), Yakima, Wash., for plaintiff-appellee.

## OPINION

Before: WRIGHT and CHOY, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM:

Nichols appeals from his conviction by a jury of two counts of interstate transportation of lost or stolen credit cards [15 U.S.C. § 1644(b)]. We affirm.

The government argues that we lack appellate jurisdiction. It is true that the notice of appeal, filed July 29, 1975, was filed more than 10 days after entry of the judg-

* Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

ment and commitment on July 15, 1975. *See* Fed.R.Crim.P. 37(a)(2); Fed.R.App.P. 4(b).

■ Federal R.App. 4(b) permits the district court, upon a finding of "excusable neglect," to extend the time for filing an additional 30 days. Here the district court did so. We find no abuse of discretion, the appeal is timely and our jurisdiction properly lies under Title 28 U.S.C. § 1291.

Nichols argues that the district court erred in refusing his request, made under Fed.R.Crim.P. 15, to take depositions at government expense. The record shows that the court, well before trial, told defense counsel to communicate with and identify his potential witnesses by telephone, and they would then be subpoenaed to appear at government expense. *See* Fed.R.Crim.P. 17(b). Not until after the jury had been chosen did counsel inform the court that he had been unable to reach or identify the potential witnesses.

■ The granting of a Rule 15 motion is discretionary with the district court. *In Re United States,* 348 F.2d 624, 626 (1st Cir. 1965); *United States v. Whiting,* 308 F.2d 537, 541–42 (2nd Cir. 1962). *Cf. United States v. Trenary,* 473 F.2d 680, 682 (9th Cir. 1973).

In *Trenary, supra,* we upheld the district court's denial of a defense motion for continuance to take depositions, where there was no adequate showing that the testimony would be favorable to defendant, that the witnesses would be available for depositions, or that they would be willing to testify.

■ Here, counsel not only declined to move for a continuance, but also failed even to identify the deponents. Moreover, the proposed testimony would have related only to 2 of the 13 credit cards listed in the indictment. The fact that counsel did not renew his Rule 15 request until the jury had been selected further supports the district court's denial. *See Whiting, supra,* 308 F.2d at 541–42.

■ Even assuming that counsel's request should also be treated as a Rule 17(b) request for a court-ordered subpoena, the court could scarcely have granted it since there was no indication who should be subpoenaed. There was no abuse of discretion. *See United States v. Greene,* 497 F.2d 1068, 1079 (7th Cir. 1974); *Wagner v. United States,* 416 F.2d 558, 563–65 (9th Cir. 1969).

Nichols argues that the district court erred in allowing the government to produce evidence of defendant's possession and negotiation of stolen checks to prove criminal intent. Nichols stipulated to commission of the charged acts of interstate transportation of lost or stolen credit cards. He argued only that he lacked the "unlawful or fraudulent intent" requisite for conviction under Section 1644(b).

■ It is black letter law that evidence of prior similar offenses can be introduced to prove intent. *Spencer v. Texas,* 385 U.S. 554, 560–61, 87 S.Ct. 648, 651–52, 17 L.Ed.2d 606, 611–13 (1965); *United States v. Moore,* 522 F.2d 1068, 1079 (9th Cir. 1975); Fed. R.Ev. 404(b) (effective July 1, 1975); J. Wigmore, Evidence § 302 at 200–01, §§ 325–26 (3rd ed. 1940). Whether the danger of undue prejudice resulting from the admission of such testimony would outweigh its probative value is largely a matter for the discretion of the district court. *See United States v. Holley,* 493 F.2d 581, 584 (9th Cir. 1973); *United States v. Gocke,* 507 F.2d 820, 824 (8th Cir. 1974); Rule 404(b) *supra,* and Advisory Committee Note.

The government testimony showed that on November 15, 1974 James Huesman lost his billfold containing several credit cards. On the following December 6, George Fischer's personal blank checks and credit cards were stolen from his home. Government witnesses testified that defendant passed two of the personal checks stolen from Fischer's home, those having been made payable to "James Huesman." One witness testified to having seen the Huesman credit cards in defendant's possession. Those cards were apparently used to cash the Fischer checks.

That the admission of this evidence was prejudicial is obvious. But it also had substantial probative value. Evidence of the check cashing with identification by stolen credit cards would dispel the notion that defendant was unaware that the credit cards were lost or stolen. *Cf. Parnell v. State,* 218 So.2d 535, 538–39 (Fla.App.1969) (in prosecution for unlawfully receiving and concealing stolen fur coat, evidence that defendant attempted to "fence" stolen credit cards along with the stolen fur coat to an undercover officer relevant to issue of "guilty knowledge or intent"). We find no abuse of discretion.

Nichols argues that the jury was improperly instructed. He says that no cautionary instruction was given with respect to evidence of prior convictions and prior criminal activity. The district court instructed the jury that such evidence could be used only to prove intent, not to prove commission of the act. There was no error.

Appellant argues that the district court failed to instruct the jury properly as to the reasonable doubt standard. We have reviewed the relevant instructions and find no error or omission.

AFFIRMED.