983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Morris Lee POPE, a/k/a Maurice Pope, Defendant-Appellant.
 No. 91-2341.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Morris Lee Pope, appeals both his conviction for bank fraud under 18 U.S.C. § 1344 and the district court's upward departure from the United States Sentencing Guidelines ("guidelines"), under which Pope would have 'received a sentence of between 24 and 30 months, to a sentence of 60 months' incarceration. We affirm the conviction but reverse and remand for resentencing.
 
 I.
 
 2
 On September 19, 1989, Pope accompanied a woman to a branch of the National Bank of Detroit ("NBD"), where he was a known customer, represented her as his niece, "Elaine Burton," and stated that he wished to open a savings account for her. An account was opened for $25 in the name of Elaine Burton. On September 20, 1989, this woman,[1] accompanied by Pope, deposited into the account a stolen insurance check, endorsed by "Elaine Burton," in the amount of $3,600.50. The check had been intended for an individual named Ellaweas Burton, who was not related to Pope and did not know him. On or about September 27, 1989, a withdrawal of $2,500.03 was made from the account. $1,500 of this amount was in the form of a cashier's check to Pope, who endorsed and negotiated the cashier's check at NBD the same day.
 
 
 3
 On June 18, 1991, Pope was indicted in a one-count indictment that charged him with committing bank fraud in violation of 18 U.S.C. § 1344. At trial, following jury selection, the government made a motion in limine to introduce five of Pope's prior felony convictions as evidence of his intent to violate 18 U.S.C. § 1344. After briefing and argument, the district court granted the government's motion only as to one of the convictions, a 1989 Michigan state conviction for possession and unlawful use of a stolen credit card to obtain a cash advance from a bank. A certified copy of the judgment was introduced, over Pope's objection, at trial. Both before the conviction was introduced and at the close of all the proofs, the district court cautioned the jury that the prior conviction could not be used to prove that Pope committed the present offense.
 
 
 4
 On September 19, 1991, the jury found Pope guilty of bank fraud. On November 21, 1991, the district court sentenced Pope to 60 months' incarceration, which represented an upward departure from the applicable guidelines range of 24-30 months. In explaining its rationale for departure, the court stated, in part, that "[a]n upward departure from 30 months to 60 months is applied because of [sic ] the Defendant's criminal history [category] of five significantly underrepresents the seriousness of his criminal history or the likelihood that he will commit other crimes." Pope timely appealed his conviction and sentence.
 
 II.
 
 5
 Pope raises two issues on appeal. First, Pope contends that the district court abused its discretion in admitting his prior conviction as evidence of other crimes, wrongs, or acts under Fed.R.Evid. 404(b). Second, Pope contends that the district court improperly departed upward from the guidelines in sentencing him to 60 months' incarceration. We address these issues in turn.
 
 A.
 
 6
 In United States v. Gessa, 971 F.2d 1257 (6th Cir.1992) (en banc ), we recently addressed the issue of admissibility of evidence under Fed.R.Evid. 404(b):
 
 
 7
 Although this court has frequently stated that we review 404(b) evidence under an abuse of discretion standard, we believe it is more precise to state the following. First, it must be determined as a matter of preliminary fact whether there is sufficient evidence that the prior act occurred. Second, a legal determination must be made whether the "other act" allegedly committed by the defendant was admissible as evidence of "intent, preparation, [or] plan."
 
 
 8
 Id. at 1261 (citations omitted). "To be relevant, 'the evidence must relate to a matter which is "in issue," and must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried.' " United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991) (quoting United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985) (citations omitted)). We review only for abuse of discretion the district court's balancing of probative value against unfair prejudice under Fed.R.Evid. 403. Gessa, 971 F.2d at 1262.
 
 
 9
 Pope alleges that the requirement of substantial similarity was not met because the state conviction was under a statute that involved theft rather than fraud; and that the probative value was substantially outweighed by the danger of unfair prejudice because the government had produced other evidence of Pope's intent to defraud. The government points out that, as this court indicated in United States v. Benton, 852 F.2d 1456 (6th Cir.), cert. denied sub nom. Campbell v. United States, 488 U.S. 993 (1988), a prior bad act, to be admissible, "need only be sufficiently analogous to support an inference of criminal intent." Id. at 1468. Here, the government contends first, that by alleging at trial that he lacked the requisite intent, Pope put his intent at issue; and second, that because both the prior state conviction and the charged offense involved defrauding a bank, the two offenses were sufficiently analogous. Finally, the government emphasizes that the district court's cautionary instructions to the jury minimized the chance of unfair prejudice.
 
 
 10
 The government's arguments are persuasive. In 1989,[2] Pope was convicted, under M.C.L. § 750.157q,[3] of using a stolen credit card, apparently with the aid of a false identification card, to obtain money from a bank. Thus, it obviously was not an abuse of discretion for the district court to conclude that the "other crime[ ], wrong[ ], or act[ ]" occurred. The state conviction and the charged offense both involve the use of fraud or deception in unlawfully obtaining money from a bank. Therefore, because the state conviction is substantially similar and thus probative of Pope's intent to violate 18 U.S.C. § 1344,[4] the district court did not err, as a matter of law, in admitting this prior conviction. See Benton, 852 F.2d at 1468 (evidence of prior acceptance of bribes and payoffs admissible to show intent to accept drug protection money); United States v. Thomas, 835 F.2d 219, 222 (9th Cir.1987) (evidence that defendant had written bad checks approximately one year before charged offense properly admitted to show intent to transport fraudulently obtained securities), cert. denied, 486 U.S. 1010 (1988); United States v. Nichols, 534 F.2d 202, 204-05 (9th Cir.1976) (in prosecution for interstate transportation of lost or stolen credit cards, evidence that defendant had possessed stolen checks and had cashed them with the aid of stolen credit cards properly admitted to rebut defendant's contention that he did not know cards were stolen and thus lacked requisite intent); United States v. Gocke, 507 F.2d 820, 823-25 (8th Cir.1974) (evidence that defendant possessed counterfeit drivers' licenses admissible to show intent to commit crime of counterfeiting Federal Reserve Notes with intent to defraud), cert. denied, 420 U.S. 979 (1975).
 
 
 11
 Finally, the district court's cautionary instructions to the jury minimized any potentially prejudicial impact in admitting the conviction. See United States v. Holloway, 740 F.2d 1373, 1377 & n. 5 (6th Cir.) ("The prejudicial impact of the evidence was blunted by a properly worded limiting instruction."), cert. denied, 469 U.S. 1021 (1984); J. Weinstein and M. Berger, 1 Weinstein's Evidence p 403, at 403-10 (MB 1991) (Where there is doubt about possible unfair prejudice, the "generally better practice" is to admit evidence and give cautionary instructions both contemporaneously and in the jury charge). Therefore, the district court did not abuse its discretion in concluding that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. See Gessa, 971 F.2d at 1262.
 
 B.
 
 12
 The government argues that the district court properly departed upward in sentencing Pope to 60 months' incarceration. The government first maintains that where, as here, a defendant has numerous uncounted convictions, including convictions for both similar and dissimilar offenses[5] and convictions that result in consolidated sentences, a court may depart upward on these bases. Second, the government argues that, although the guidelines limit to four the number of criminal history points based on minor past criminal conduct, departure from the guidelines on the basis of this conduct, under the proper circumstances, is not prohibited.
 
 
 13
 The government's third argument is based on the fact that this court in the past has affirmed upward departures predicated on the use of hypothetical criminal history categories beyond the highest category under the guidelines, Category VI. See, e.g., United States v. Osborne, 948 F.2d 210, 212-13 (6th Cir.1991) (where defendant had criminal history score of 24 points, an upward departure from a guidelines range of 27-33 months to a sentence of 57 months, based on the district court's determination that defendant fell within a hypothetical Category IX, was proper). Here, the government contends that, if all Pope's uncounted convictions were counted under the guidelines, he would have received 36 additional criminal history points, placing him in hypothetical Category XVII, which would correspond to a hypothetical guidelines range of 60-66 months. Pope's actual 60-month sentence, contends the government, is proper because it falls within this hypothetical range.
 
 
 14
 Finally, the government maintains that the district court complied with this court's decision in United States v. Kennedy, 893 F.2d 825 (6th Cir.1990), in which we set forth the requirement that before departing upward more than one criminal history category, the district court first must demonstrate that it looked to and rejected as too lenient the next higher criminal history category.
 
 
 15
 Pope makes two arguments, both of them patently meritless. First, Pope contends that by having departed beyond Category VI, the district court impermissibly imposed a sentence that was not even included on the sentencing table. Second, Pope argues that because the sentencing guidelines worksheet provided for inclusion of Pope's convictions going back to 1974, the guidelines did not understate his criminal history.
 
 
 16
 At the sentencing hearing, the district court noted that Pope had been found guilty of at least 23 separate offenses since 1965;[6] that he was "a chronic and habitual offender;" that "his continual misconduct constitutes a serious threat to the safety and the welfare of this community;" and that, therefore, an upward departure from 30 months to 60 months was warranted because Pope's criminal history category of V significantly underrepresented the seriousness of his criminal history or the likelihood of future crimes. Additionally, in response to the government's request that, pursuant to this court's decision in Kennedy, the district court indicate that it looked to and rejected as too lenient the next higher criminal history category, the district court stated:
 
 
 17
 Well, I have done [that].... In my examination of the worksheet that was prepared for my examination by the probation officer, I went through the various guidelines in an effort to determine what would be the next step and whether that next step would be appropriate. And in so doing, I ultimately concluded that the 60 months that I reached was the only appropriate sentence under the circumstances.
 
 
 18
 Moreover, although the 30 months, standing alone, may have been sufficient for this particular offense, when viewed in isolation, it was, in the judgment of this Court, grossly insufficient under the circumstances of this case, coupled with Mr. Pope's criminal history and the other acts of antisocial behavior.
 
 
 19
 In United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989), we adopted a three-part test, first articulated in United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. denied, 493 U.S. 862 (1989), for assessing the propriety of an upward departure. See also Osborne, 948 F.2d at 213; United States v. Barnes, 910 F.2d 1342, 1345 (6th Cir.1990). As we stated in Barnes:
 
 
 20
 The first inquiry, which we review as a question of law, involves whether the case is sufficiently unusual to warrant a departure. The second inquiry, which we review under a clearly erroneous standard, asks whether the circumstances that would warrant departure actually exist. Third, we review the actual departure made against a standard of reasonableness.
 
 
 21
 Id. at 1345. "This third step involves what is quintessentially a judgment call." Joan, 883 F.2d at 494 (quoting Diaz-Villafane, 874 F.2d at 49). The district court's determination regarding the degree of departure is entitled to great deference. United States v. Phillip, 948 F.2d 241, 254 (6th Cir.1991), cert. denied, 112 S.Ct. 1994 (1992).
 
 
 22
 In Kennedy, this court also set forth an additional requirement. When the district court makes an upward departure on the basis that, under Section 4A1.3 of the guidelines, a defendant's criminal history category fails to reflect adequately the seriousness of his criminal conduct or the likelihood that he will commit future crimes, see U.S.S.G. § 4A1.3, Adequacy of Criminal History Category (Policy Statement), if the district court departs upward more than one criminal history category, the court must look first to the next higher criminal history category. Kennedy, 893 F.2d at 829 ("[W]e hold that a sentencing court must first look to the next higher criminal history category before otherwise departing from the guidelines."). See also United States v. Head, 927 F.2d 1361, 1368 (6th Cir.), cert. denied sub nom. Black v. United States, 112 S.Ct. 144 (1991); United States v. Robison, 904 F.2d 365, 372 (6th Cir.), cert. denied sub nom. Smoot v. United States, 111 S.Ct. 360 (1990).
 
 
 23
 Moreover, if the district court departs beyond the next higher category, the court must "demonstrate" that it found the next criminal history category (or categories) insufficient. United States v. Lassiter, 929 F.2d 267, 271 (6th Cir.1991). The stated reasons for the departure beyond the next level will be examined "more closely." Kennedy, 893 F.2d at 828. A conclusory statement that the next higher category is too lenient "is not a 'demonstration' or reasoned explanation." Lassiter, 929 F.2d at 271 (citing Robison, 904 F.2d at 372). By providing a reasoned statement, the district court enables this court to engage in meaningful review. Lassiter, 929 F.2d at 271. We have upheld departures beyond the next higher criminal history category where the district court articulated adequate reasons for departure. See, e.g., Osborne, 948 F.2d at 212-13; United States v. Christoph, 904 F.2d 1036, 1042 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991).
 
 
 24
 We now apply the law to the facts of this case. We find that the district court failed to comply with the mandate of Kennedy and, therefore, we remand this case for resentencing. Because we find that the requirements of Kennedy were not met, we also find it unnecessary to address the parties' remaining arguments or to perform the departure analysis set forth in Joan.
 
 
 25
 Although the Sentencing Commission contemplated that, under certain circumstances, an upward departure under § 4A1.3 may be proper, see U.S.S.G. § 4A1.3 (Policy Statement), a sentencing court first should look to the next higher criminal history category and, before departing above that category, determine that it fails adequately to reflect the seriousness of the defendant's conduct. See id.; see also Kennedy, 893 F.2d at 829 & n. 6. Where the district court departs upward beyond the next higher category, as was the case here, the court must provide a statement explaining its reasons. Here, the district court failed to articulate, on the record, specific reasons why it found the next higher criminal history category, Category VI, inadequate. Therefore, we are unable to determine whether departure beyond the next higher criminal history category, under which the guidelines range would have been 27-33 months, to a sentence of 60 months is reasonable.[7] See Head, 927 F.2d at 1368 (upward departure based on district court's perception that defendant fit the "classic profile of a career recidivist criminal" held improper because the district court did not explain why the guideline range was inadequate or provide "any reference to the reasons for the inapplicability of the next two higher criminal history categories"); Robison, 904 F.2d at 372 ("In the instant case, we hold that the departure was not reasonable in light of the lack of actual reasons for such a departure and the failure of the district court to look to the next highest criminal history category."); see also United States v. Wolak, 923 F.2d 1193, 1200 (6th Cir.), cert. denied, 111 S.Ct. 2824 (1991); Kennedy, 893 F.2d at 828.
 
 
 26
 We therefore remand this case to enable the district court to set forth specific reasons for the 60-month departure sentence imposed, or otherwise to resentence consistent with this opinion.
 
 III.
 
 27
 The conviction is affirmed. The sentence is vacated and the case remanded for resentencing in accordance with this opinion.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 According to the government, the woman remains unidentified
 
 
 [2]
 Pope does not contend that the 1989 Michigan state conviction and the charged offense were not "reasonably near in time" to each other. Feinman, 930 F.2d at 499 (quoting Blankenship, 775 F.2d at 739)
 
 
 [3]
 M.C.L. § 750.157q (M.S.A. § 28.354(16)) reads as follows:
 Use, delivery or circulation under unlawful circumstances. A person who delivers, circulates, or sells a financial transaction device which was obtained or held by that person under circumstances proscribed under section 157n, 157p, or 157v, or uses, permits, causes, or procures the financial transaction device to be used, delivered, circulated, or sold, knowing the device to have been obtained or held under circumstances proscribed under section 157n, 157p, or 157v is guilty of a felony.
 A "financial transaction device" is defined as including a credit card. M.C.L. § 750.157m(f)(ii). Sections 157n, 157p, and 157v are entitled, respectively, "Stealing, taking, removing financial transaction device (1) ... Possessing fraudulent or altered device (2) ...;" Possession with intent to circulate or sell financial transaction device;" and "Falsification of identity in procuring financial transaction device."
 
 
 [4]
 The first element of a violation of 18 U.S.C. § 1344 is "knowingly." "The generally accepted definition of that term is "[that] ... 'an act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.' " J. Villa, Banking Crimes § 7.02, at 7-7 to 7-8 (1991) (footnote omitted) (quoting 1 Devitt and Blackmar, Federal Jury Prac. and Instructions § 14.04 (1977 ed.))
 
 
 [5]
 A sentence imposed outside the applicable time period, see U.S.S.G. §§ 4A1.2(d)(2) and 4A1.2(e), may be considered by the sentencing court in determining whether to depart if this sentence is "evidence of similar misconduct...." U.S.S.G. § 4A1.2, Commentary, Application Note 8. The courts are split on whether evidence of uncounted prior dissimilar conduct may be considered for purposes of departure. See Williams v. United States, 112 S.Ct. 1112, 1122 (1992) (noting the split in the circuits but declining to address the issue). The Sixth Circuit has not addressed the issue
 
 
 [6]
 It appears that Pope had more than 23 prior criminal convictions that were uncounted under the guidelines, in addition to seven convictions that were counted and resulted in 12 criminal history points
 
 
 [7]
 In United States v. Medved, 905 F.2d 935 (6th Cir.1990), cert. denied, 111 S.Ct. 997 (1991), this court affirmed an upward departure from Category III to Category VI even though the district court did not demonstrate why it had found the intervening two categories too lenient. However, as we explained, the defendant's one conviction in that case involved three separate bank robberies committed over an eight-month period. Had these separate crimes led to two or three separate convictions, the defendant would have been classified as a career offender under U.S.S.G. § 4B1.1, with the result that he automatically would have been assigned to Category VI. Those circumstances do not exist in the present case
 As discussed supra, we also have affirmed upward departures based on the use of hypothetical criminal history categories beyond Category VI. However, there is no indication here that the district court constructed such a hypothetical category. We decline to affirm the district court's departure on the assumption that it employed this approach.