15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gonzalo GOMEZ-MORALES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Patino MONZALDE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos BENITEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime QUINTERO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy GRISALES, Defendant-Appellant.
 Nos. 92-10398, 92-10400, 92-10401, 92-10402 and 92-10410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided Jan. 25, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Gomez-Morales (Gomez), Patino Monzalde (Patino), Benitez, Grisales, and Quintero appeal from their judgments of conviction for conspiracy to distribute cocaine and attempting to possess cocaine with intent to distribute, each a violation of 21 U.S.C. Secs. 846, 841(a)(1), and 841(b)(1)(A)(ii)(II). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 * Each appellant argues that the district court erred in refusing to instruct the jury on multiple conspiracies. They contend that the trial evidence demonstrated that more than one conspiracy existed. A multiple conspiracies instruction should be given when the indictment alleges a single conspiracy, but the trial evidence would allow a reasonable jury to conclude that a defendant was involved only in a separate, unrelated conspiracy. United States v. Anguiano, 873 F.2d 1314, 1317 (9th Cir.), cert. denied, 493 U.S. 969 (1989). We review de novo whether the proof at trial supports a multiple conspiracies instruction. Id.
 
 
 3
 The indictment alleged that each was a member of a single conspiracy to transport cocaine from various entry points to New York City for distribution. The evidence substantiated that each was a member of the conspiracy for at least part of its existence. The evidence was not sufficient to allow a reasonable jury to conclude that one or some of the appellants were involved only in a separate, unrelated conspiracy. The district court did not err in rejecting the proposed multiple conspiracies instructions.
 
 II
 
 4
 Each appellant argues that the district court erred in refusing to give the jury a specific unanimity instruction. In a conspiracy case, a specific unanimity instruction is required when a genuine possibility exists that the jury might convict a defendant without agreeing upon which act was committed in furtherance of the conspiracy. Id. at 1319. Because we have concluded that the evidence did not support a finding of multiple conspiracies, any argument that the jury was not instructed that they must all agree upon which conspiracy each defendant joined is without merit.
 
 III
 
 5
 Each appellant argues that the district court gave an improper reasonable doubt instruction. A reasonable doubt instruction is reviewed de novo to determine whether it is an accurate statement of the law. United States v. Velasquez, 980 F.2d 1275, 1278 (9th Cir.1992), cert. denied, 113 S.Ct. 2979 (1993).
 
 
 6
 The reasonable doubt instruction given in this case was essentially identical to former Ninth Circuit Model Instruction No. 3.04, and is commonly referred to as a "willingness to act" instruction. Some of our opinions have stated a preference for the "hesitate to act" formulation. Obviously, stating a preference is not a holding; it is mere dicta. Thus, use of a "willingness to act" formulation is not necessarily reversible. Id. at 1277.
 
 
 7
 In United States v. Robinson, 546 F.2d 309 (1976), cert. denied, 430 U.S. 918 (1977), we held that this instruction, taken with the other instructions, accurately conveyed the meaning of reasonable doubt. Id. at 314. In United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir.1991), we reaffirmed this holding, stating that taken in context of the instruction as a whole, the willingness to act language "did not detract from the heavy burden suggested by the use of the term reasonable doubt standing alone." Id. at 1386. Given this precedent, we conclude that the reasonable doubt instruction given by the district court in this case was not an erroneous statement of the law.
 
 
 8
 Each appellant argues that the trial court should not have instructed the jury on the meaning of reasonable doubt prior to closing arguments. They suggest that the court should have instructed the jury after closing arguments so as to correct misunderstandings about the meaning of reasonable doubt created during the closing arguments. Federal Rule of Criminal Procedure 30 gives the district court discretion to instruct the jury prior to closing arguments. In this case, the court orally instructed the jury prior to closing arguments and then provided a written copy of the instructions for the jury to use during their deliberations. We conclude that this was not an abuse of discretion.
 
 
 9
 Each appellant argues that commentary on the meaning of reasonable doubt during closing arguments may have confused the jury. We review for abuse of discretion the district court's decision to allow the jury to consider comments made in closing argument after an objection is made. United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir.1992). If no objection to the comments is made at trial, then review is for plain error. See United States v. Feldman, 853 F.2d 648, 652 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989).
 
 
 10
 Appellants argue that counsel for Quintero and Gomez gave erroneous explanations of reasonable doubt. No defendant raised these objections at trial.
 
 
 11
 Quintero's counsel based his comments on the district court's instructions. We conclude that these statements by counsel were not plain error.
 
 
 12
 Gomez's counsel suggested that the reasonable doubt standard was analogous to a painter's canvas, and unless the canvas was completely covered with paint the standard was not satisfied. If anything, this overstates the standard. When the government objected, the district court properly admonished the jury to follow the instructions of the court. This was not an abuse of discretion.
 
 
 13
 Appellants argue that the district court improperly interfered with Gomez's counsel's attempt to compare the reasonable doubt standard with other legal standards. However, standards such as probable cause and preponderance of the evidence are irrelevant. The district court did not abuse its discretion by disallowing the comparison.
 
 
 14
 Appellants argue that the government misstated the standard by suggesting that beyond a reasonable doubt means anything between 50 and 100% certainty. No objection was made at trial, therefore we review for plain error. After reviewing the record we conclude that the appellants have misconstrued the government's commentary. Considered as a whole the government's comments concerning reasonable doubt did not constitute plain error.
 
 
 15
 All other arguments relating to reasonable doubt have been carefully considered and rejected as being without merit.
 
 IV
 
 16
 Gomez argues that the district court abused its discretion in denying his motion to depose five people in Colombia. We review this claim for abuse of discretion. Guam v. Ngirangas, 806 F.2d 895, 896 (9th Cir.1986).
 
 
 17
 The district court cited the following reasons for denying Gomez's motion: (1) the motion for depositions was untimely--it was filed five to six weeks after the start of the trial; (2) security concerns prevented the prosecution from traveling to Colombia; and (3) the affidavits in support of the motion were not sufficiently specific. A request for depositions may be denied because it is untimely. United States v. Nichols, 534 F.2d 202, 204 (9th Cir.1976). Under the circumstances the district court did not abuse its discretion in denying Gomez's motion.
 
 V
 
 18
 Each appellant argues that the government improperly vouched for the truthfulness of its witnesses. Vouching is prosecutorial misconduct, which we review to determine if it is more likely than not that the alleged misconduct affected the jury's verdict. United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990) (Simtob ).
 
 
 19
 Gomez, Patino, Grisales, and Benitez complain that the government improperly elicited testimony from two witnesses that their plea agreements required truthful testimony. In opening arguments, counsel attacked the credibility of these two witnesses. When a witnesses's credibility has been thus attacked, the government may elicit testimony about the truthfulness provisions of the witness's plea bargain. United States v. Necoechea, 986 F.2d 1273, 1278-79 (9th Cir.1993) (Necoechea ).
 
 
 20
 Grisales and Benitez argue that the prosecution improperly elicited testimony about the truthfulness provision of a witness's immunity agreement. The district court gave a prompt curative instruction after the witness first referred to the truthfulness requirement. This was sufficient to neutralize the effect of the statement. Simtob, 901 F.2d at 806. Indeed, defense counsel subsequently opened the door for further exploration of the truthfulness requirement by cross-examining the witness about his immunity agreement.
 
 
 21
 Quintero argues that the government improperly vouched for a witness during closing arguments by asserting the superior quality of his testimony. The government outlined the quality of proof offered by a defense expert and that of its own expert and invited the jury to compare the two, suggesting that the government's proof was superior to that of the defense. This is a new argument on appeal and therefore is reviewed only for plain error. Necoechea, 986 F.2d at 1276. The government's comments during closing arguments were not vouching, they were good advocacy. Certainly there was no plain error.
 
 VI
 
 22
 Grisales and Benitez argue that the cumulative effect of improper vouching and the admission of improper "bad act" evidence denied them a fair trial. Actions that were not misconduct or that did not constitute error are not considered in reviewing a cumulative effect argument. United States v. Berry, 627 F.2d 193, 201 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981). Evidentiary rulings are reviewed for abuse of discretion. United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989).
 
 
 23
 The alleged "bad act" evidence included: (1) evidence that Quintero distributed a shipment of cocaine; (2) evidence that Quintero's trucking company had a large amount of unexplained wealth; (3) evidence that Grisales tried to evade police prior to his arrest; (4) evidence that Quintero purchased agricultural equipment; and (5) identification documents seized from Grisales's car belonging to a coconspirator. None of this evidence constitutes prior "bad act" evidence under Federal Rule of Evidence 404(b). It is direct or circumstantial evidence of the existence of the conspiracy. The district court did not abuse its discretion by admitting this evidence.
 
 
 24
 Grisales and Benitez were not denied a fair trial because of the cumulative effect of vouching and improper evidentiary rulings. Each allegation of misconduct or error is individually without merit. Together they fare no better. United States v. Payne, 944 F.2d 1458, 1477 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 VII
 
 25
 Patino and Benitez argue that their convictions were not supported by sufficient evidence. The standard of review for this claim is extremely deferential. United States v. Rubio-Villareal, 967 F.2d 294, 296 (9th Cir.1992) (en banc). Sufficient evidence exists to support a conviction if, when reviewing the evidence and all reasonable inferences in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 26
 Patino argues that the government witnesses that testified against him lacked credibility. But the standard of review for this issue assumes the credibility of witnesses. Benitez contends that the government failed to prove either the existence of the conspiracy or his connection to it beyond a reasonable doubt. However, his own admission that he flew to Los Angeles to help a coconspirator transport cocaine to New York and that he expected to be paid for his efforts defeats this contention. Viewing the evidence and the reasonable inferences in the light most favorable to the government, we conclude that a rational jury could have convicted Patino and Benitez.
 
 VIII
 
 27
 Grisales argues that the district court erred in refusing to give his proposed instruction on good character. A defendant is entitled to an instruction on any defense theory supported by sufficient evidence. United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). We recognize the conflict concerning the standard of review for the denial of a proposed jury instruction. United States v. LaFleur, 971 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993). But whether we review de novo or for abuse of discretion, this argument is without merit. The evidence is insufficient to warrant an instruction on good character.
 
 IX
 
 28
 Grisales and Patino argue that testimony about two incriminating statements and admissions made by Benitez violated their confrontation clause rights under Bruton v. United States, 391 F.2d 123 (1968). We review de novo alleged violations of the confrontation clause. United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 29
 Benitez's statement to Machuca that he intended to cooperate did not implicate any codefendant, and his statements to agent Kelly confessing involvement in the conspiracy were redacted to omit any reference to the existence of the coconspirators. The district court carefully instructed the jury that these statements were only admissible against Benitez. The confrontation clause rights of Grisales and Patino were not violated. United States v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation