UNITED STATES of America,

v.

**Philip BUNNELL, Defendant**

**No. CRIM. 02–13–B–S.**

United States District Court,
D. Maine.

April 22, 2002.

Gail Fisk Malone, U.S. Attorney's Office, Bangor, ME, for U.S.

Walter F. McKee, Esq., Lipman & Katz, Augusta, ME, N. Laurence Willey, Jr., Willey Law Offices, Bangor, ME, for Defendant.

## *ORDER*

KRAVCHUK, United States Magistrate Judge.

Defendant Philip Bunnell has moved to take the deposition of a potential witness, Jean Kemp. (Docket No. 19.) The United States has filed a memorandum in opposition (Docket No. 36) and Bunnell has filed reply (Docket No. 42). I now **DENY** Bunnell's motion.

■■■ Rule 15 of the Federal Rules of Criminal Procedure permits a district court to authorize a deposition in a criminal case when exceptional circumstances exist. The moving party bears the burden of showing that exceptional circumstances exist to warrant the deposition. *United States v. Olafson*, 203 F.3d 560, 567 (9th Cir.2000); *United States v. Drogoul*, 1 F.3d 1546, 1551–52 (11th Cir.1993); *United States v. Ferrera*, 746 F.2d 908, 912 (1st Cir.1984). In analyzing whether the circumstances are sufficiently exceptional, the Eleventh Circuit has formulated a test that considers whether: (1) the witness is likely to be unavailable at trial;[1] (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party. *United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir.1995). The Ninth Circuit has cautioned that in deciding whether to grant a Rule 15(a) motion the district court should also consider whether the deponent would be available at the proposed location for deposition and would be willing to testify. *Olafson*, 203 F.3d at 567. I will apply these factors

1. The First Circuit has commented that the 1975 amendments to Rule 15 "dropping the explicit requirement of unavailability from Rule 15(a) indicates that the inquiry is more properly confined to the decision whether to admit the deposition as evidence." *United States v. Mann*, 590 F.2d 361, 366 n. 5 (1st Cir.1978). However, *Mann* was postured so that the First Circuit had before it both a dispute about the granting of the motion and a dispute about its admission at trial pursuant to Federal Rule of Evidence 804(a)(5). It seems that though the time for crossing the availability bridge must certainly be at the trial stage, it must at least be mapped out at the pre-trial Rule 15 juncture, otherwise depositions of witnesses in a criminal matter would have become the norm (as in the civil arena) rather than the exception. *See In re United States*, 348 F.2d 624, 626 (1st Cir. 1965). The 1975 amendments cannot be read to work such a far sweeping change to the pre-trial process in a criminal case.

in determining whether to grant the motion, as there does not appear to be any relevant First Circuit formulation on this issue. *See Ferrera*, 746 F.2d at 912–13 (undertaking a totality-of-the-circumstances type analysis vis-à-vis a defendant's motion for a telephonic deposition); *United States v. Mann*, 590 F.2d 361, 365–66 (1st Cir.1978) (addressing the propriety of granting a motion by the United States to take a deposition of a juvenile foreign national, asking whether the circumstances at hand were sufficiently exceptional so that the interest of justice was served, stating that Rule 15 required "an overall weighing of justice to the witness, to the defendant, and, in some cases, to the public," highlighting confrontation clause concerns, and concluding that the district court abused its discretion in granting the government's motion). In the present case, on the record before me, I conclude that the defendant has not met his burden of demonstrating exceptional circumstances.

■ Jean Kemp was employed at the University of Maine in Machias during the Spring 2000 semester. Bunnell is charged with possession of child pornography and offers as part of his defense that he possessed the pornography in connection with a course he took at the University, HUSA 233 "Incest and Sexual Abuse." According to Bunnell, "Jean Kemp will present specific and factual information regarding her knowledge of the course, the Defendant's involvement therewith and related information that is critical to the factual background, as part of the defense in this case." He never explains what the specific and factual information might be. It is undisputed based upon what has been presented to me that Ms. Kemp did not teach this course. It has not been made clear to me what position she held at the University or what involvement she had with the defendant.

Based upon the proffer made by both the United States and the defendant it does appear that Ms. Kemp is likely to be unavailable as a witness. Apparently she is currently residing in St. Louis, Missouri with a family member and is suffering from a degenerative and debilitating brain disorder.[2] Also there is no reason to believe that ordering the deposition would cause any serious injustice to the United States. Thus the *Ramos* prongs (1) and (3) have been satisfied, but defendant has failed to make the requisite showing of materiality under prong (2). Bunnell asserts, "Ms. Kemp possesses critical information regarding the circumstances surrounding the HUSA 223 course." This assertion is nothing more than a conclusory statement without any supporting facts. Ms. Kemp was involved in some unspecified way in allowing the defendant to continue the course and authorizing the grade of "L," which means left the course. The materials I have before me reveal that the defendant can, in his own words, prove these facts based on "information which is found on his transcript [that] contradicts Professor Lacey," the course instructor. Bunnell has not shown the materiality of Kemp's testimony and it is his burden to do so before this court will issue an order permitting her to be deposed. *See Ferrera*, 746 F.2d at 913 (concluding that the district court's denial of a defendant's Rule

---

**2.** Defendant has made no showing regarding Ms. Kemp's availability and willingness to testify at a deposition, presumably in St. Louis. The United States asserts that her brain condition has resulted in a loss of memory and that she would essentially not be able to testify. Without an affidavit from someone with knowledge one way or the other, I am unable to make a reasoned conclusion about the proposed deponent's physical and mental condition.

15 motion for a telephonic deposition was not an abuse of discretion, noting, among other things, "the somewhat tangential focus and generalized character of the offer of proof").

Motion **DENIED**.