UNITED STATES of America,
Plaintiff—Appellee,

v.

Marvin BUTLER, Defendant—
Appellant.

No. 02–50182.

D.C. No. CR–99–01178–CBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided Nov. 23, 2004.

Curtis A. Kin, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Brent A. Whittlesey, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Marvin Butler appeals his jury conviction and sentence for sixteen counts of mail fraud, money laundering, and tax offenses. We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the convictions, but VACATE Butler's sentence and REMAND for resentencing for the reasons set forth in a concurrently-filed opinion.

### I.

■ Butler argues that the district court abused its discretion by granting the Government's motion to take a videotaped deposition from witness Dale Barr pursuant to Federal Rule of Criminal Procedure 15. Butler does not dispute that Barr's ill-health made it impossible for him to travel to testify in person. He claims that the motion was untimely, but points to no way in which any delay prejudiced his case. He cites no case in which a district court's grant of a Rule 15 motion was held to be an abuse of discretion. *See United States v. Nichols,* 534 F.2d 202, 204 (9th Cir.1976) (per curiam) (affirming denial of Rule 15 motion). We hold that the district court acted within its discretion.

### II.

■ Butler claims that the jury's convictions on Counts Two and Seven, both mail fraud charges, were not supported by sufficient evidence. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Under 18 U.S.C. § 1341, the essential elements of mail fraud are: (1) a scheme to defraud, and (2) a knowing use of the mail to execute the scheme." *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979). The statute also criminalizes "caus[ing]" the use of the mails and covers use of private carriers, such as Federal Express. 18 U.S.C. § 1341. Butler apparently accepts the sufficiency of the evidence to support the first element of the mail fraud counts. The issue, then, is the second element: whether there was sufficient evidence that Butler knowingly used or caused the use of the mails or a private courier "for the purpose" of furthering the scheme. "Knowing use of the mail" encompasses a broad range of conduct. *See, e.g., Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954). "Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." *Id.*

Regina Bolten's $15,000 check, the basis for Count Two, was sent to Butler's company via Federal Express in December 1994 with a note on the face of the check reading "two units." The standard price of one unit of the Montgomery SMR was $7,500. "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Jackson,* 72 F.3d 1370, 1381 (9th Cir.1995). A rational jury could have found beyond a reasonable doubt that Butler induced Bolten to use Federal Express, a private courier covered by 18 U.S.C. § 1341, to transmit an investment in his fraudulent scheme, thereby furthering the scheme. *See Pereira,* 347 U.S. at 8–9, 74 S.Ct. 358; 18 U.S.C. § 1341.

The conviction on Count Seven likewise was supported by sufficient evidence. Count Seven involved a letter sent by investor Ernest Hilgard's attorney, demanding a refund of Hilgard's investment.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Sampson,* 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962), held that fraudulent mailings sent after the receipt of the victims' money could be "for the purpose" of furthering the fraudulent scheme at least if the letters had "the purpose of lulling [the victims] by assurances that the promised services would be performed." *Id.* at 81, 83 S.Ct. 173. The mailings that created mail fraud liability in *Sampson* "were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place." *United States v. Maze,* 414 U.S. 395, 403, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974) (interpreting *Sampson* ). *United States v. Brutzman,* 731 F.2d 1449, 1454 (9th Cir.1984), held that mailings from investors in a fraudulent scheme seeking refunds could be "caused" by the defendant with the purpose of furthering his scheme. We decline Butler's invitation to distinguish *Brutzman* on the ground that the letter in this case was sent by the victim's attorney rather than the victim. The jury's conviction on Count Seven was supported by sufficient evidence.

### III.

Butler contends for the first time on appeal that the district court should have instructed the jury that it had to agree on the particular scheme that Butler's mail fraud furthered in order to convict on the mail fraud counts. Even "when a jury is presented with multiple counts or schemes, it may be possible to protect the defendant's right to a unanimous jury verdict by" means of "a single general instruction that their verdict [must] be unanimous."

---

1. Butler's opening brief hints at a claim that the proof offered at trial varied from the charge in the indictment. We find no variance—the Government presented evidence of

*United States v. Echeverry,* 698 F.2d 375, 377 (9th Cir.1983) (per curiam), *as modified at* 719 F.2d 974, 974 (9th Cir.1983). "[A] specific instruction that the jury must agree on a particular set of facts is required only where ... the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion." *United States v. Frazin,* 780 F.2d 1461, 1468 (9th Cir.1986).

■ We see no genuine possibility of juror confusion about the scheme at issue here. The district court's instruction referred to "the scheme or the plan alleged in the first superseding indictment." The indictment, the Government's opening statement and closing argument, and the evidence concerned only the Montgomery SMR. The district court did not err by failing to give a unanimity instruction.[1]

CONVICTIONS AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.

---

fraud only in relation to the Montgomery SMR.

